UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID W. BROWN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3228 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss or, in the alternative, for summary judgment. Dkt. 15. Plaintiff David W. Brown has not responded, and the motion will be treated as unopposed. S.D. Tex. L.R. 7.4. After considering the motion, record, and applicable law, the court finds that Wells Fargo's motion for summary judgment should be **GRANTED**. Wells Fargo's motion to dismiss is **DENIED AS MOOT**.

### I. BACKGROUND

Plaintiff brings this suit against Wells Fargo for allegedly foreclosing on his house without proper ownership of the Deed of Trust or promissory note ("Note"), and without proper notice of default and foreclosure. Dkt. 1 at 9, 13–14. Wells Fargo claims the opposite. Dkt. 15, Ex. A. Brown brings a series of claims against Wells Fargo, and Wells Fargo seeks dismissal of this suit or, in the alternative, summary judgment. Brown has not responded to Wells Fargo's motion. As Wells Fargo has presented evidence outside the pleadings, the court will consider the motion under Rule 56 as a motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id* . "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a

genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

Wells Fargo moves to dismiss or, alternatively, for summary judgment on, Brown's claims for violations of the Texas Deceptive Trade Practices Act, violations of the Truth in Lending Act, breach of contract, conversion, unjust enrichment, violations of the Consent Judgment entered into with the United States government, and to quiet title. Dkt. 15 at 1–2. Wells Fargo further contends that because Brown's substantive claims fail, he is not entitled to injunctive relief or attorneys' fees in this case. *Id.* at 20–22.

A. **Texas Deceptive Trade Practices Act**

Brown asserts that Wells Fargo violated Texas Business and Commerce Code Section 17.46(b)(12), commonly known as the Texas Deceptive Trade Practices Act ("DTPA"), by claiming that it had the right to receive payments on the Note without proving that it was the assignee of the Deed of Trust and that it owned the Note. Dkt. 1 at 14–16.

> The elements of a DTPA claim are: (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages. To be a 'consumer' under the DTPA, a person 'must seek or acquire goods or services by lease or purchase' and 'the goods or services sought or acquired must form the basis of [that person's] complaint. Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service. A mortgage loan is not within the DTPA when the loan, rather than the property sought to be purchased, is the basis of the plaintiff's complaint.

*Fowler v. U.S. Bank, Nat. Ass'n*, 2 F. Supp. 3d 965, 974 (S.D. Tex. Mar. 4, 2014) (brackets in original) (citations and internal quotation marks omitted); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied); *Whittier v. Ocwen Loan Servicing, LLC*, No. H–12–3095, 2013 WL 5425294, at *7 (S.D. Tex. Sept. 25, 2013); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725–26 (5th Cir. 2013). In the instant case, Brown's claim is based not on the purchase of his home, but on subsequent mortgage servicing and foreclosure activities. Dkt. 1 at 14–16. Brown is therefore not a consumer under the DTPA. *See Fowler*, 2 F. Supp. 3d at 975 ("Because the basis of plaintiff's claim is the loan and foreclosure, and not the property for which the loan was acquired, plaintiff has not created a fact question as to his status as a consumer." (quoting *Hutchinson v. Bank of Am., N.A.*, No. H–12–3422, 2013 WL 5657822, at *5 (S.D. Tex. Oct. 16, 2013))) ("[Plaintiff's] DTPA claim, however, is not premised on [Defendant's] allegedly

deceptive acts 'related to financing the purchase of [her] house, but rather, [she] complains the Bank wrongfully foreclosed on [her] property.' . . . The DTPA does not apply to such a claim." (quoting *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012)) (alteration in original)). Furthermore, "[s]ervicing a mortgage is not a service under the DTPA." *Id.* at 975 (quoting *Khan v. Wells Fargo Bank, N.A.*, Civ. A. No. H:12–1116, 2013 WL 5323098, at *4 (S.D. Tex Sept. 20, 2013)). Because Brown is not a consumer under the DTPA, he cannot proceed with that claim.

B. **Breach of Contract**

Brown brings a breach of contract claim against Wells Fargo for breaching the terms in the Deed of Trust. To prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Owens v. Bank of Am., NA*, No. CIV. A. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012). Because Brown defaulted on his mortgage payments, he cannot establish the second element of this claim. Dkt. 15, Ex. E ("Notice of Default 6.17.13"); *Owens*, 2012 WL 912721, at *4 ("[T]he plaintiffs have undisputedly not performed their contractual obligations because they have not stayed current on their mortgage payments"). "[A] party to a contract who is himself in default cannot maintain a suit for its breach." *Kaechler v. Bank of Am., N.A.*, Civ. A. No.. H-12-423, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9, 2013) (quoting *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex.1999)). The court finds that Brown's breach of contract claim fails as a matter of law.

C. **Truth in Lending Act**

Brown claims that Wells Fargo violated the Truth in Lending Act, 15 U.S.C. § 1641(g). Dkt. 1 at 17. Subsection (g) of 15 U.S.C. § 1641 states that "not later than 30 days after the date on which

a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641. Brown asserts that Wells Fargo did not notify Brown within thirty days that his mortgage loan had been sold to Wells Fargo. Dkt. 1 at 17. However, Wells Fargo did provide proper notice. The Note was signed by Brown on October 21, 2011. Dkt. 15, Ex. B. Wells Fargo, which bought Brown's mortgage loan, sent him notice of the sale of his mortgage loan on November 12, 2011. *Id.*, Ex. H. Since Wells Fargo provided notice within thirty days, it did not violate the Truth in Lending Act. The court grants summary judgment for Wells Fargo on Brown's § 1641(g) claim.

### D.     Conversion

Brown claims that either Academy Mortgage Corporation (the original lender) or Wells Fargo has converted Brown's money by "wrongfully exercis[ing] dominion over the funds by forwarding said funds to a third party." Dkt. 1 at 17–18. The elements for a claim of conversion are: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property. *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 888 (Tex. App.—Dallas 2009, no pet.). Brown's conversion claim fails because "money that is not specific chattel is not personal property that can be converted." *Felchak v. JP Morgan Chase Bank, N.A.*, No. H-12-2847, 2013 WL 1966972, at *4 (S.D. Tex. May 10, 2013).

> Texas jurisprudence holds that money can be the subject of conversion, but only when it is in the form of specific chattel, such as old coins, or when the money is delivered to another party for safekeeping, the keeper claims no title, and the money

> is required and intended to be segregated, either substantially in the form in which it was received or as an intact fund. An obligation to pay money generally, however, is treated differently under Texas law. Where money is involved, it is subject to conversion only when it can be described or identified as a specific chattel, but not where an indebtedness may be discharged by the payment of money generally.

*Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir. 1996) (internal quotation marks omitted). Brown makes no claim that his allegedly converted money is in the form of specific chattel. Accordingly, the court grants summary judgment for Wells Fargo on Brown's conversion claim.

### E. Money Had and Received

In the alternative to conversion, Brown claims only that Wells Fargo "has received money which belongs to [Brown]," and that Brown "needs this money back in order to pay the true Note Holder." Dkt. 1 at 18. "A claim for 'money had and received' is equitable in nature. The claim belongs conceptually to the doctrine of unjust enrichment. To establish a cause of action for money had and received a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him." *Fowler*, 2 F. Supp. 3d at 983 (citations and internal quotation marks omitted). Brown does not state who the "true Note Holder" is, is conclusory in his statements, and does not state enough factual allegations "to raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965. Accordingly, the court grants summary judgment for Wells Fargo on Brown's 'money had and received' claim.

### F. Suit to Remove Cloud and Quiet Title

Brown seeks to remove cloud and quiet title against Wells Fargo. Dkt. 1 at 18–19.

> A suit to quiet title under Texas law requires a plaintiff to prove: (1) a valid equitable interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) although facially valid, defendant's claim is invalid or unenforceable. A plaintiff in a suit to quiet title must prove and recover on the

> strength of his own title, not the weakness of his adversary's title. The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title.

*Fowler*, 2 F. Supp. 3d at 984 (citations and internal quotation marks omitted). Brown states that he "is the undisputed owner of the Property by virtue of [Brown's] recorded deed," and that Wells Fargo's Notice of Foreclosure to Brown was invalid because "there is no proper chain of title making [Wells Fargo] the assignee of the Original Deed of Trust executed by [Brown]." Dkt. 1 at 19. Wells Fargo, however, has produced a copy of the assignment of the Deed of Trust. Dkt. 15, Ex. D ("Assignment"). The assignment to Wells Fargo was recorded in Harris County, Texas, on May 14, 2012. *Id.* Because there is a proper chain of title making Wells Fargo the assignee of the Deed of Trust, the court grants summary judgment for Wells Fargo on this cause of action to remove cloud and quiet title.

### G. Consent Judgment

Brown seeks a declaratory judgment regarding Wells Fargo's compliance with a consent judgment entered into between several banks and the United States on April 4, 2012, in *United States v. Bank of America*, No. 1:12–cv–00361–RMC (D.D.C. Apr. 4, 2012). Dkt. 1 at 10–13, 19–22, 64. However, Brown is not a party to the consent judgment and does not have standing to bring a claim for its violation. Courts confronted with the same consent judgment have held that homeowners like Brown do not have standing to bring a claim for its violation. *Fowler*, 2 F. Supp. 3d at 985; *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 54 (D.D.C. Jan. 30, 2014); *Bagala v. Bank of Am.*, No. H–13–0160, 2013 WL 4523562, at *2 (S.D. Tex. Aug. 27, 2013); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, 95 S. Ct. 1917, 1932 (1975) (It is well settled that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though

they were intended to be benefitted by it."). Because Brown does not have standing, he cannot proceed with this claim.

### H. Declaratory Judgment as to the Deed of Trust and Note

Brown seeks declaratory judgment "specifying [Brown's] and [Wells Fargo's] rights and duties in connection with the Deed of Trust and the underlying Note." Dkt. 1 at 23. Brown again claims that Wells Fargo is not the assignee of the Deed of Trust and is not the owner of the Note. As stated above, Wells Fargo has presented evidence of assignment and of the sale of the Note. Brown is not entitled to a declaration stating otherwise.

### I. Injunctive Relief & Plaintiff's Request for Attorneys' Fees

Brown seeks a permanent injunction against Wells Fargo, but gives no support or plausible reason for it. Dkt. 1 at 25. "Under Texas law, attorneys' fees in a breach of contract action and injunctive relief depend on viable substantive claims. Because all of [Brown's] underlying claims fail as a matter of law, [his] requests for injunctive relief and attorneys' fees likewise must be denied." *Smith v. Wells Fargo Bank, N.A.*, Civ. A. No. H-14-283, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014). The court denies these requests.

### J. Wells Fargo's Request for Attorneys' Fees

According to Wells Fargo's affidavit, Wells Fargo seeks attorneys' fees in the amount of $10,962.66 ($10,480.50 in fees and $482.16 in costs). Dkt. 16 at 2. After reviewing the fee request, the court finds that a reasonable fee in this case is $5,000 and therefore awards Wells Fargo $5,000 in fees and $482.16 in costs.

## IV. Conclusion

For the foregoing reasons, Wells Fargo's motion for summary judgment is **GRANTED**. All of Brown's claims asserted in this action are **DISMISSED WITH PREJUDICE**. The court will enter a separate final judgment consistent with this order.

Signed at Houston, Texas on March 4, 2015.

_____
Gray H. Miller
United States District Judge